PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES W. HALL, | ) | |
| | ) | CASE NO. 5:23-CV-00049 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DORAIN DAVIS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff James W. Hall filed this civil rights action against Dorain Davis, Rashaunda Board Davis, Judge Alison M. Breaux, and Moriah K. Cheatham Williams (ECF No. 1).

For the reasons that follow, this case is dismissed.

## I. Background

On January 10, 2023, Plaintiff filed this complaint containing conclusory allegations and confusing factual details.  The complaint appears to concern a state court's dismissal of civil proceedings Plaintiff initiated in Summit County Court of Common Pleas Case No. CV-2022-09-3235.

According to the state court's order attached to Plaintiff's complaint, Plaintiff filed a petition for a civil stalking order after Defendant Dorain Davis threatened to shoot Plaintiff if he "messes with" his children, which proceeded to a hearing.  During that hearing, Defendant

(5:23-CV-00049)

Dorain Davis and his witness, wife Rashaunda Board Davis, allegedly perjured themselves.

Thereafter, Plaintiff filed the underlying state action against Dorain Davis in which he alleged he

suffers from fear, stress, and sleepless nights as a result of the alleged threat.  *See* ECF No. 1-2.

In the underlying action, Judge Breaux construed Plaintiff's allegations as a claim for intentional

infliction of emotional distress, determined that Plaintiff had failed to plead sufficient, operative

facts to support a recovery under that claim, and granted the defendant's motion to dismiss.

Judge Breaux also stated that to the extent Plaintiff was attempting to appeal the decision

rendered regarding his petition for a civil stalking order, the Summit County Common Pleas

Court was not the correct forum.  ECF No. 1-2.

In his federal complaint, Plaintiff once again alleges that Defendant Dorain Davis

threatened to shoot him and that Defendant Davis and his witness/wife, Rashaunda Board Davis,

perjured themselves in the hearing on the protection order.  He claims that he was denied a fair

trial.  He also claims that Defendant Cheatham Williams, an attorney, violated the Ohio Code of

Professional Responsibility and 32 C.F.R. § 776.26 when she failed to disclose that she was

related to Defendant Dorain's witness/wife.

As a basis for jurisdiction, Plaintiff cites to 18 U.S.C. §§ 241 (conspiracy), 242

(deprivation of rights under color of law), and 1512 (tampering with a witness).  He also lists

Rule 37 (Failure to Disclose/Cooperate in Discovery) and Rule 9(b) (Fraud) of the Federal Rules

of Civil Procedure, as well as 28 U.S.C. § 1654 (appearance personally or by counsel).

All defendants have filed motions to dismiss pursuant to Rule 12(b)(1) and/or 12(b)(6) of

Federal Rules of Civil Procedure  (ECF Nos. 3, 4, and 16), and Plaintiff filed a "motion to not

2

(5:23-CV-00049)

dismiss" (ECF No. 5) and responses in opposition to Defendants' motions.  Plaintiff has also

filed a Motion to Amend/Correct Docket.  ECF No. 7.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims

for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The defendant may make either

a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1).  *Ohio Nat'l Life*

*Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  The plaintiff bears the burden of

establishing that jurisdiction exists.  *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing

*Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of

claims when the claimant has failed to "state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  When deciding a motion to dismiss under this rule, the function of the Court is

to test the legal sufficiency of the complaint.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.

1993).  And in reviewing the complaint, the Court must construe the pleading in the light most

favorable to the plaintiff, accept all factual allegations as true, and determine whether the

complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Legal

conclusions and unwarranted factual inferences, however, are not entitled to a presumption of

truth.  *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (The

Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

(5:23-CV-00049)

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 596).  Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give Defendants fair notice of what his legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).  Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520).  The Court is not required, however, to conjure unpleaded facts or construct claims on Plaintiff's behalf.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Analysis

### A. Criminal Statutes

As an initial matter, Plaintiff lists multiple federal criminal statutes as a "basis for jurisdiction," including 18 U.S.C. §§ 241 (conspiracy), 242 (deprivation of rights under color of

4

(5:23-CV-00049)

law), and 1512 (tampering with a witness). To the extent Plaintiff is attempting to assert claims under these statutes, Plaintiff lacks standing to do so. Sections 241, 242, and 1512 are all criminal statutes. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Miller-El v. Ohio*, No. 1:22 CV 686, 2022 U.S. Dist. LEXIS 137392, at *6 (N.D. Ohio Aug. 2, 2022). A private citizen has no authority to initiate a federal criminal prosecution. *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Moreover, these statutes do not provide a private right of action in a civil case. *Booth v. Henson*, 290 F. App'x. 919, 2008 WL 4093498, at *1 (6th Cir. 2008); *United States v. Oguaju*, 76 F. App'x. 579, 2003 WL 21580657, *2 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994); *Miller-El*, No. 1:22 CV 686, 2022 U.S. Dist. LEXIS 137392, at *6; *Doss v. Beshear*, No. 15-83-GFVT, 2016 U.S. Dist. LEXIS 66410, at *6 n.2 (E.D. Ky. May 20, 2016).

**B. Rooker-Feldman Doctrine**

Federal district courts do not have jurisdiction over challenges to state court decisions even if those decisions are unconstitutional. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Therefore, to the extent that Plaintiff is asking this Court to review state court decisions concerning the Summit County

5

(5:23-CV-00049)

Court of Common Pleas Case No. CV-2022-09-3235 and to declare them void, this Court cannot do so.  Federal appellate review of state court judgments can only occur in the United States Supreme Court.  *See Kovacic v. Cuyahoga Cnty. Dep't of Children & Fam. Servs.*, 606 F.3d 301, 308-09 (6th Cir. 2010) (citations omitted).

This principle, known as the *Rooker-Feldman* Doctrine, states that a party losing his case in state court is barred from seeking what in substance would be federal appellate review of the state judgment.  *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994).  Federal jurisdiction cannot be invoked merely by couching the claim in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142, 1999 U.S. App. LEXIS 24340, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999).

Two elements must be satisfied in order for the *Rooker-Feldman* Doctrine to apply to bar a claim in federal district court.  First, the issue before the federal court must be inextricably intertwined with the claim asserted in state court.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), overruled on other grounds as stated in *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  *Id.* at 293 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).  Second, the claim must be a specific grievance that the law was invalidly or unconstitutionally applied in Plaintiff's particular case as opposed to a general constitutional challenge to the law applied in the state action.  *Id.* Accordingly, the *Rooker-Feldman* Doctrine applies to "state-court losers complaining of injuries

6

(5:23-CV-00049)

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff asks this Court to declare state court rulings in the underlying Summit County case void.  Under the *Rooker-Feldman* Doctrine, this Court lacks subject matter jurisdiction to do so.

### C. Res Judicata

To the extent Plaintiff is attempting to litigate his state court claims again in federal court in an effort to achieve a different result, he is barred from doing so.

Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings.  Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive effect that a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered.  *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion.  *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 392, 2008 Ohio 6254, 899 N.E.2d 975 (2008).  "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the

7

(5:23-CV-00049)

subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995 Ohio 331, 653 N.E.2d 226 (1995).  Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit." *Id.*  By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ.  *Id.*  Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994 Ohio 358, 637 N.E.2d 917 (1994).

Here, it appears that Plaintiff is challenging the validity of the state court's consideration of his claims concerning the alleged threat by Dorain Davis.  Because this issue has already been considered and decided by the state court, res judicata bars Plaintiff's claims.  And even if the cause of action in this federal court action is new, the facts necessary to support this claim were previously determined by the state court.  Moreover, any additional claims in this action could have been litigated in the prior state action.  This Court must give full faith and credit to the state court judgment.  Plaintiff is therefore barred from relitigating those matters in this Court.

## D. Judicial Immunity

Even if Plaintiff could proceed with a civil rights action, he cannot maintain such an action against Judge Breaux.

(5:23-CV-00049)

It is well established that judges are generally entitled to absolute immunity from civil suits for money damages.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff gives no indication that Judge Breaux was acting in any capacity other than that of a judge when the conduct alleged in the complaint occurred.  Furthermore, Plaintiff appears to object to decisions that Judge Breaux made in connection with the civil proceedings Plaintiff filed in the Summit County Court of Common Pleas.  Decisions concerning pending motions and the dismissal of civil proceedings are actions typically performed by judges. Plaintiff has therefore not established that Judge Breaux acted clearly outside of the subject matter jurisdiction of the court over which the judge presides.  Judge Breaux is therefore absolutely immune from damages in this action.

9

(5:23-CV-00049)

**E. Defendant Cheatham Williams**

In a conclusory fashion, Plaintiff appears to allege that Defendant Cheatham Williams, an attorney, violated the Ohio Code of Professional Conduct Rule 1.7 when she did not disclose the fact that she was related to the witness in the state court case, who is also Defendant Davis's wife.  *See* ECF No. 1 at PageID #: 6.

Plaintiff, however, lacks standing to raise such a claim because the Ohio Code of Professional Conduct "'does not, in itself, create a private cause of action.'" *Kafele v. Frank & Wooldridge Co.*, 108 F.App'x 307, 309 (6th Cir.2004) (quoting *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 707 N.E.2d 853, 859 (Ohio 1999)).  Moreover, jurisdiction to rule on alleged disciplinary violations lies exclusively with the Ohio Supreme Court.  *Rodojev v. Sound Com Corp.*, No. 1:10CV1535, 2010 U.S. Dist. LEXIS 141668, at *17 (N.D. Ohio Dec. 30, 2010) (citing *Fred Siegel Co.*, 85 Ohio St.3d at 178, 707 N.E.2d at 860).

Plaintiff also appears to allege that Defendant Cheatham Williams violated 32 C.F.R.  § 776.26, which provides that "a covered attorney shall not represent a client if the representation of that client involves a concurrent conflict of interest."  A "covered attorney" as defined by these federal regulations are U.S. Government attorneys.  32 C.F.R. § 776.2.  There are no allegations in the Complaint suggesting Defendant Cheatham Williams is a government attorney. Plaintiff therefore fails to state a cognizable claim against this defendant.

10

(5:23-CV-00049)

### IV. Conclusion

For all of the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 3, 4, and 16) are granted, and Plaintiff's "Motion to Not Dismiss" (ECF No. 5) is denied.  Plaintiff's Motion to Amend/Correct Docket (ECF No. 7) is denied as moot.  This action is hereby dismissed.


       IT IS SO ORDERED.


   March 31, 2023                         */s/ Benita Y. Pearson*   
Date                                       Benita Y. Pearson
                                       United States District Judge